LEAH SCHILLEREFF, PERSONAL REPRESENTATIVE OF THE ESTATE
OF GEORGE SCHILLEREFF, DECEASED, APPELLEE AND
CROSS-APPELLANT, V. INDEPENDENT PLUMBING AND HEATING,
INC., A NEBRASKA CORPORATION, APPELLANT AND
CROSS-APPELLEE.

466 N.W.2d 99

Filed March 1, 1991.   No. 90-675.

John R. Hoffert, of Knudsen, Berkheimer, Richardson & Endacott, for appellant.

Robert W. Mullin, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On rehearing in the Nebraska Workers' Compensation Court, an award was entered for George Schillereff based on his claim for injury from asbestosis and chronic obstructive pulmonary disease secondary to long-term nicotine use. After the award and while this appeal was pending, George Schillereff died. Hence, this appeal involves Leah Schillereff, personal representative of the estate of George Schillereff, deceased.

Independent Plumbing and Heating, Inc., as George Schillereff's employer, appeals and claims error in the Nebraska Workers' Compensation Court's (1) finding that Schillereff's disability was causally related to his employment, (2) finding that Schillereff suffered injurious exposure to asbestos during his employment with Independent, (3) denying a continuance, and (4) admitting inadmissible hearsay.

Leah Schillereff cross-appeals and claims that the Workers' Compensation Court erred by failing to order immediate payment of the award to Schillereff.

"Findings of fact made by the Nebraska Workers'

Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case. . . . In testing the sufficiency of evidence to support findings of fact made by the Nebraska Workers' Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. . . . Factual determinations by the Workers' Compensation Court will not be set aside on appeal unless such determinations are clearly erroneous. Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. . . . As the trier of fact, the Nebraska Workers' Compensation Court is the sole judge of the credibility of witnesses and the weight to be given testimony."

*Heiliger v. Walters & Heiliger Electric, Inc.*, 236 Neb. 459, 460-61, 461 N.W.2d 565, 568 (1990) (quoting from *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988)); Neb. Rev. Stat. § 48-185 (Reissue 1988).

In a workers' compensation case, by a preponderance of evidence a claimant must prove that the claimant's employment proximately caused the claimed injury or disability and thereby correspondingly negate that a claimant's condition existing independent of the claimant's employment and before a work-related incident alleged to be a cause of the claimed disability is the sole cause of the disability for which compensation is sought. . . . Under the preceding rule, proof that employment proximately caused a compensable injury and disability simultaneously establishes that a claimant's disability is not solely attributable to deterioration of an employee's antecedent condition which has resulted in disability.

*Heiliger, supra* at 466, 461 N.W.2d at 571.

The evidence supports the finding by the Nebraska Workers' Compensation Court that George Schillereff's injury arose out of and in the course of his employment with Independent.

Independent has failed to show an abuse of discretion by the Nebraska Workers' Compensation Court in denying a continuance and has failed to show prejudice resulting from the court's refusal to grant a continuance.

The Nebraska Evidence Rules do not apply in proceedings before the Nebraska Workers' Compensation Court. See, Neb. Rev. Stat. § 48-168 (Reissue 1988); Neb. Evid. R. 1101(4)(d), Neb. Rev. Stat. § 27-1101(4)(d) (Reissue 1989); *Sherard v. Bethphage Mission, Inc.*, 236 Neb. 900, 464 N.W.2d 343 (1991).

We are unable to conclude that the Nebraska Workers' Compensation Court was clearly erroneous in its findings for the award reviewed. Therefore, the award of the Nebraska Workers' Compensation Court is affirmed.

We find no abuse of discretion or error to sustain Schillereff's cross-appeal.

Since Independent has failed to reduce the amount of the Schillereff award reviewed in this appeal, we order Independent to pay $2,000 which is to be applied toward a fee for the Schillereff lawyer regarding services in this court. See Neb. Rev. Stat. § 48-125(1) (Reissue 1988).

AFFIRMED.